IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**FT. LAUDERDALE DIVISION**

CASE NO.:

SAMANTHA STONE-LORENZO,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership,

    Defendant.
_____/

## **WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-20-011326, with full reservation of rights, exceptions and defenses, and in support thereof states:

### **I. BACKGROUND**

1.    On or about July 14, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart Inc. in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl., attached as **Ex. "A."**

2.    The Complaint was served on July 16, 2020. *See* Service of Process attached as **Ex. "B."**

CASE NO.: CACE-20-011326

3. On or about July 20, 2020, Plaintiff filed an Amended Complaint to correct the named Defendant, in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl., attached as **Ex. "C."**

4. The Amended Complaint was served on July 20, 2020. *See* Service of Process attached as **Ex. "D."**

5. Plaintiff alleges a claim for negligence against Wal-Mart as a result of an injury about her body and extremities that she allegedly sustained when she slipped and fell on June 29, 2018 while at the Wal-Mart store located at 301 South State Road 7, Hollywood, FL 33023. See Exhibit "C" at ¶¶ 4, 7, 9,10.

6. Specifically, the Plaintiff alleges that she slipped and fell on a wet floor mat. *Id.* at ¶ 9.

7. Plaintiff alleges Wal-Mart was negligent in creating or permitting a dangerous and unsafe condition by allowing water to remain on the floor; failing to maintain the floor free of water; owning, maintaining, possessing or controlling the store in a dangerous, hazardous and unsafe condition; failing to have proper procedure to identify such dangerous, hazardous and unsafe conditions; failing to inspect the premises for hazardous conditions; failing to adequately warn of said dangerous hazardous and unsafe conditions in the area of the store/garden center; and other negligent actions of omissions. *Id.* at ¶ 7.

8. The Plaintiff alleges that she is a resident and citizen of Broward County, Florida. *Id.* at ¶ 2.

9. On or about October 14, 2019, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter which indicated ***Plaintiff has incurred medical bills which total $115,960.92.*** Based on Plaintiff's alleged injuries and medical bills incurred the Plaintiff

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

CASE NO.: CACE-20-011326

offered to settle the claim for $500,000.00. *See* Redacted Pre-Suit Demand Letter attached as **Ex. "E."**[1]

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

11. Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County together with a docket sheet from the Clerk of the Court. *See* attached as Composite **Ex. "F."**

12. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Amended Complaint. Plaintiff's Amended Complaint is the initial pleading setting forth the claim for relief against the Defendant upon which Plaintiff's action is based. The thirty (30) day period commenced on July 20, 2020, when Plaintiff served her Complaint. *See* Ex. "C."

14. Prior to the service of Plaintiff's Amended Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her June 29, 2018 alleged incident.

15. Venue exists in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, because the 17th Judicial District in and for Broward County,

---

[1] Wal-Mart has not filed the entire complement of medical records, which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information. Should the Court wish to see these documents, Wal-Mart can provide same in accordance with the Court's direction.

3

150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

where Plaintiff filed her state court Complaint is located in Broward County Florida, which is located within the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A. Citizenship of Samantha Stone-Lorenzo

17. Plaintiff is a resident and citizen of Broward County, Florida. *See* Ex. "C." at ¶ 3. "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

#### B. Citizenship of WAL-MART STORES EAST, LP

18. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership, which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the

4

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name for Wal-Mart Stores East, LP, attached as **Composite Ex. "G."**

## IV. AMOUNT IN CONTROVERSY

19. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

20. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

HAMILTON, MILLER & BIRTHISEL LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

21. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

22. The relevant portions of Plaintiff's itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, the **Plaintiff's past medical bills alone total $115,960.92**, and Plaintiff's October 14, 2019 pre-suit demand letter estimates damages in the instant matter to be at least four hundred thousand dollars ($500,000.00). *See* Ex. "E." In addition to Plaintiff's past medical bills incurred, the Plaintiff's Complaint alleges damages for pain and mental anguish therefrom, loss of capacity for the enjoyment of life, disability, and future losses and impairments. *See* Ex. "C." at ¶ 10.

23. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

24. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's October 14, 2019 pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

25. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc*., 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

26. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of her incident. *Wilson V. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she sought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit

7

HAMILTON, MILLER & BIRTHISEL LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.* [2]

27. Here, Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be five hundred thousand dollars ($500,000.00) is an honest assessment of her claimed damages as it is based on the following:

   a. Plaintiff's past medical bills in the amount of $115, 960.92,

   b. Plaintiff's alleged injuries which include a 14% permanent partial disability rating of the body as a whole, various injuries including ligament sprains and multiple meniscus tears of the left knee; pain to the left ankle, low back and left elbow; multiple tendon tears of the right shoulder; cervical disc bulges at C4-5, C5-6 and C6-7; herniations with spinal cord contact at C5-6 and C6-7.

   c. Plaintiff's left knee arthroscopy, partial medial meniscectomy, partial lateral menisectomy, chondroplasty, and debridebment of patella; and

   d. future medical care. *See Katz,* 2009 WL 1532129 at 4.

28. Like *Stramiello* and *Wilson,* Plaintiff's pre-suit demand letter includes medical expenses incurred by the Plaintiff, which exceed $75,000.00, in addition to medical records, which indicate the plaintiff will incur future medical expenses for medical care. *Wilson,* 2010 WL 3632794, at *4; *Stramiello,* 2010 WL 2136550, at *3. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

---

[2] The court also considered plaintiff's refusal to admit or deny that damages exceeded $75,000.00 as evidence regarding the amount in controversy.

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

CASE NO.: CACE-20-011326

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE-20-011326, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: August 14, 2020**

Respectfully submitted,

/s/ *Sharhonda Robinson-Edwards*
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards, Esq.
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Sharhonda Robinson-Edwards, Esq.
Florida Bar No. 98755
srobinson@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686;
Facsimile: (305) 379-3690
*Attorneys for Defendant, Wal-Mart Stores East, LP*

9

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

CASE NO.: CACE-20-011326

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ *Sharhonda Robinson-Edwards*
Sharhonda Robinson-Edwards

## SERVICE LIST

Thomas H. Leeder, Esq.
Khalia A. Rhoden, Esq.
Leeder Law
8551 West Sunrise Blvd.
Suite 202
Plantation, Florida 33322
pleadings@leederlaw.com
*Attorneys for Plaintiff*

HAMILTON, MILLER & BIRTHISEL LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690